TRV.7146

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOLANDI NICOLE KENNEDY and** | § | |
| **MARVIN LEVY, INDIVIDUALLY** | § | |
| **AND AS REPRESENTATIVE** | § | |
| **OF THE ESTATE OF MEAGHAN** | § | |
| **LEVY,** | § | |
| | § | |
| **Plaintiffs,** | § | **CAUSE NO. 3:16-cv-00065** |
| | § | |
| **v.** | § | |
| | § | |
| **OXYSURE SYSTEMS, INC., ET AL,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW D.B. Roberts, Inc., incorrectly named as "D.B. Roberts Company" in the Original Petition that the Plaintiffs filed in the 162nd Judicial District Court of Dallas County, Texas before this action was removed to this Honorable Court, and files this, its Original Answer, and alleges and states as follows:

### I.

### RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Defendant acknowledges that the Plaintiffs pled that they are seeking to recover monetary relief in excess of $1,000,000, in an amount to be determined by the jury in the above referenced state court action.

Defendant acknowledges that the Plaintiffs asked the state court to enter a Level III Discovery Control Plan in the above referenced state court action, and states that this request is no longer

applicable given that this case has been removed to this Honorable Court.

## II.

## PARTIES/JURISDICTION/VENUE

This Defendant was not required to file an Answer or other responsive pleading in this case while it was pending in Dallas County District Court per Rule 11 Agreement that prior counsel for this Defendant entered into with Plaintiffs' counsel of record. Had this Defendant been required to do so, it would have objected to venue in Dallas County District Court and filed a Motion to Transfer this case to Collin County District Court. This Defendant admits that venue and jurisdiction are proper before this United States District Court for the Northern District of Texas.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Section II of Plaintiffs' Original Petition at this time, and therefore Defendant denies these allegations.

### DESIGNER AND MANUFACTURER DEFENDANTS

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Section of Plaintiffs' Original Petition at this time, and therefore Defendant denies these allegations.

### SUPPLIER DEFENDANTS

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Section of the Plaintiffs' Original Petition (other than those allegations specifically relating to "Supplier Defendant D.B. Roberts Company") at this time, and therefore Defendant denies these allegations. This Defendant admits that it distributed certain generic components to OxySure Systems, Inc. prior to the date of the incident at issue, and admits that the allegations concerning this Defendant's registered office and/or principal place of business

are correct.  This Defendant denies the remaining allegations contained in this Section of Plaintiffs'
Original Petition.

## III.

This Defendant is without knowledge or information sufficient to form a belief as to the truth
of the allegations contained in this Section of the Plaintiffs' Original Petition at this time, and
therefore Defendant denies these allegations.  This Defendant specifically denies that it designed,
manufactured, inspected, or marketed the specific equipment at issue in this case, and denies
engaging in any actions and conduct that were the proximate cause – or a proximate cause – of the
Plaintiffs' alleged damages/injuries.

## IV.

This Defendant denies that it was engaged in the business of designing, marketing,
manufacturing, and placing into the stream of commerce portable oxygen generators and any
component parts thereon other than the generic component parts that it sold to OxySure Systems, Inc.
prior to the date of the incident at issue in this case, and this Defendant denies that it played any role
in the design, marketing, manufacturing, and sale of these oxygen generators at all.  This Defendant
also denies that it placed such products on the market to be purchased and used by the public,
including Meaghan Levy.

## V.

## **FACTUAL PREDICATE**

This Defendant is without knowledge or information sufficient to form a belief as to the truth
of the allegations contained in this Section of the Plaintiffs' Original Petition at this time, and
therefore this Defendant denies these allegations.

## VI.

## VICARIOUS LIABILITY/CORPORATE VEIL

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Section of the Plaintiffs' Original Petition at this time, and therefore this Defendant denies these allegations.

## VII.

## STRICT LIABILITY AS TO DESIGNER AND MANUFACTURER DEFENDANTS

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Section of the Plaintiffs' Original Petition at this time, and therefore this Defendant denies the allegations.

## VIII.

## NEGLIGENCE AS TO ALL DEFENDANTS

This Defendant denies any involvement in the design, manufacture, marketing, inspecting, and maintenance of the oxygen generator at issue in this case and denies that its *alleged* negligence (if any) was the proximate cause or a proximate cause of the Plaintiffs' alleged damages/injuries. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations (i.e.: those relating to the other Defendants) contained in this Section of the Plaintiffs' Original Petition at this time, and therefore this Defendant denies same.

## XI.

## GROSS NEGLIGENCE AS TO DESIGNER AND MANUFACTURER DEFENDANTS

This Defendant denies all of the allegations that are contained in this Section of the Plaintiffs' Original Petition that are intended to pertain to it.  This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Section of

the Plaintiffs' Original Petition (i.e., those that relate to the other named Defendants) at this time, and therefore this Defendant denies these allegations.

## X.

### BREACH OF WARRANTY AS TO DESIGNER AND MANUFACTURER DEFENDANTS

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Section of the Plaintiffs' Original Petition at this time, and therefore this Defendant denies these allegations.

## XI.

### NEGLIGENT MISREPRESENTATION AS TO DESIGNER AND MANUFACTURER DEFENDANTS

If and to the extent that the allegations contained in this Section of the Plaintiffs' Original Petition are intended to reference this Defendant in any respect this Defendant denies same. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Section of the Plaintiffs' Original Petition at this time, and therefore this Defendant denies these allegations.

## XII.

### FRAUDULENT MISREPRESENTATION AS TO DESIGNER AND MANUFACTURER DEFENDANTS

If and to the extent that the allegations contained in this Section of the Plaintiffs' Original Petition are intended to reference this Defendant in any respect this Defendant denies same. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Section of the Plaintiffs' Original Petition at this time, and therefore this Defendant denies these allegations.

## XIII.

### FRAUD BY NON-DISCLOSURE AS TO DESIGNER AND MANUFACTURER DEFENDANTS

If and to the extent that the allegations contained in this Section of the Plaintiffs' Original Petition are intended to reference this Defendant in any respect this Defendant denies same. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Section of the Plaintiffs' Original Petition at this time, and therefore this Defendant denies these allegations.

## XIV.

### DAMAGES

This Defendant acknowledges that the Plaintiffs are seeking to recover the damages prayed for on page nos. 14 and 15 of their Original Petition, but denies that it engaged in any *alleged* wrongful actions and conduct that were the proximate cause – or a proximate cause – of the incident at issue and of the Plaintiffs' alleged damages/injuries.

## XV.

This Defendant acknowledges that the Plaintiff has prayed for recovery of pre-judgment interest as well as court costs and exemplary damages. This Defendant denies that it was grossly negligent as alleged, and denies that the Plaintiffs are entitled to recover any of this prayed for relief from and against it.

## XVI.

### REQUEST FOR DISCLOSURE

This Defendant acknowledges that the Plaintiff included a Request for Disclosure in its Original Petition, and believes that this Request has been rendered moot by removal of this case from state court to this Honorable Court.

## XVII.

## JURY DEMAND

This Defendant acknowledges that the Plaintiffs demanded a trial by jury and alleged that they had paid all of the "requisite jury fees" while the case was pending in state court.

## XVIII.

## PRAYER

This Defendant acknowledges that the Plaintiffs are seeking to recover the relief set forth in the Prayer section of the Plaintiffs' Original Petition, but denies that it engaged in any wrongful actions and conduct and, further, denies that any of this prayed-for relief should be awarded in favor of the Plaintiffs and against this Defendant.

## DEFENSES

**First Defense:** That there is a defect of parties in this case and that this Defendant is not liable in the capacity in which it has been sued. The correct name of this Defendant is D.B. Roberts, Inc., not "D.B. Roberts Company"

**Second Defense:** That the Plaintiffs' alleged damages and injures were solely and/or proximately caused by the negligence of Meaghan Levy, who failed to do what an ordinary, prudent child of the same age, experience, intelligence, and incapacity would or would not have done under the same or similar circumstances.

**Third Defense:** Additionally and/or alternatively, that the Plaintiffs' alleged damages and injuries were solely and/or proximately caused by the actions and conduct of others not subject to the direction and control of this Defendant.

**Fourth Defense:** That the claims that the Plaintiffs are seeking to prosecute against this Defendant fail to state a claim upon which relief may be granted.

**Fifth Defense:** That this Defendant is not liable for Plaintiffs' alleged damages/injuries pursuant to Chapter 82 of the Texas Civil Practice & Remedies Code. This Defendant did not participate in the design of the equipment at issue, did not alter or modify the equipment at issue, did not install any of the components at issue, did not exercise any control over the content of any warning or instruction that accompanied the equipment at issue, did not make any express factual representations about any aspect of the equipment at issue, and did not know of any alleged defects in the equipment at issue.

**Sixth Defense:** That the incident at issue and the Plaintiffs' alleged damages/injuries arose, in whole or in part, from activities or conditions not performed by – or caused by – this Defendant, and for which this Defendant had absolutely no involvement.

**Seventh Defense:** That any claims for alleged loss of earning/loss of earning capacity/loss of contributions of pecuniary value must be presented in the form of net losses after reduction for income tax payments or unpaid tax liability pursuant to applicable law.

**Eighth Defense:** That the Plaintiffs' claim for exemplary damages must be proven by clear and convincing evidence.

**Ninth Defense:** That any award of exemplary damages (if any) must be made specific as to each Defendant.

**Tenth Defense:** That the applicable statutory limitations/cap on exemplary damages applies in this case.

**Eleventh Defense:** That the Plaintiffs' alleged damages/injuries were caused by an intervening or superseding cause over which this Defendant had not control or right of control.

**Twelfth Defense:** Additionally and/or alternatively, that the Plaintiffs' alleged damages/injuries were proximately caused by a new and independent cause over which this

Defendant had no control or right of control.

**Thirteenth Defense:**  In the unlikely event that the equipment at issue in this case contained any components that the Defendant sold to OxySure Systems, Inc., these components were nothing more than generic fasteners that this Defendant purchased from another distributor and/or manufacturer and placed into its own inventory for future sale before OxySure Systems, Inc. sought to purchase same from this Defendant.  Moreover, this Defendant did not specifically order these components for OxySure Systems, Inc. did not have them custom-made for Oxysure Systems, Inc., did not install any components into the equipment at issue, and did not know how or when OxySure Systems, Inc. intended to use these components.

**Fourteenth Defense:**  That, in the unlikely event that a judgment is ultimately rendered in this proceeding against this Defendant, this Defendant reserves all rights of contribution or recovery to which it is entitled under applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendant D.B. Roberts, Inc. respectfully prays that this Answer be received and filed and, that the Plaintiffs take nothing by way of this suit from and against it and that this Defendant have and recover such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

**BRETT A. SMITH**
**State Bar No. 18542275**
**HOWARD J. KLATSKY**
**State Bar No. 00786024**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240

(972) 934-9100
(972) 934-9200 [Fax]
**bsmith@feesmith.com**
**hklatsky@feesmith.com**

**ATTORNEYS FOR DEFENDANT**
**D.B. ROBERTS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this _____ day of January, 2016.

**HOWARD J. KLATSKY**