IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOLANDI NICOLE KENNEDY and MARVIN LEVY, INDIVIDUALLY and as REPRESENTATIVE of THE ESTATE OF MEAGHAN LEVY | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CAUSE NO. 3:16-cv-00065-B |
| OXYSURE SYSTEMS, INC., et al. | § § § | |
| Defendants. | § | |

**DEFENDANT EXFO AMERICA, INC.'S**
**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant asks the Court to render final summary judgment against Plaintiffs, as authorized by Federal Rule of Civil Procedure 56.

**I.**
**INTRODUCTION**

Plaintiffs are Jolandi Nicole Kennedy and Marvin Levy, Individually and as Representatives of the Estate of Meaghan Levy; Defendant is EXFO America, Inc. On December 9, 2015, Plaintiffs sued Defendant along with a myriad of other Defendants in this products liability case stemming from the death of their daughter in an accident involving co-Defendant OxySure Systems, Inc.'s Model 615 portable oxygen chemical reactor system and cartridge. On December 31, 2015, Defendant filed its Original Answer.

Defendant files its Motion for Summary Judgment seeking a final judgment on all Plaintiffs' claims against it. Summary judgment should be granted in this case because there is no genuine dispute of material fact on any element of Plaintiffs' claims.

## II.
## STATEMENT OF FACTS

A. <u>The Accident:</u>

On December 12, 2013, Meaghan Levy was walking with her kindergarten class when she started choking on a plastic push pin.[1] Because she was having difficulty breathing, the school nurse initiated CPR using the OxySure Portable Emergency Oxygen System, Model 615 while the school's principal performed chest compressions.[2] Plaintiffs allege that, while Miss Levy was undergoing CPR, the Model 615 oxygen system malfunctioned leaking chemicals into Miss Levy's mouth airways and lungs.[3] Miss Levy was transported the hospital where she died three hours later.[4] The medical examiner determined the cause of death to be "asphyxia due to airway obstruction by foreign object" with the manner of death list as an "accident."[5]

B. <u>Plaintiffs' Claims Against Defendant EXFO America, Inc. Do Not Present A Genuine Dispute Of Material Fact</u>

Plaintiffs assert that Defendant EXFO America Inc. is liable for Plaintiffs' injuries and damages because it was negligent in the design, manufacture, marketing, inspecting and maintenance of the OxySure Portable Emergency Oxygen System, Model 615 used in Miss. Levy's resuscitation. Because those allegations are unsupported by any credible facts, Defendat moves for summary judgment.

---

[1] Appendix pg.13.

[2] *Id.*

[3] *Id.*

[4] *Id.* at pgs. 13-14.

[5] *Id.* at pgs. 22-23.

C.  **Background On EXFO America, Inc.**

1.  EXFO America, Inc.'s Business.

EXFO America, Inc., is a Delaware corporation with its principal place of business in Richardson, Texas.[6] It is wholly owned by EXFO, Inc., a Canadian company based in Quebec, Canada.[7] EXFO America, Inc., operates independently from and has no ownership interest in co-Defendant OxySure Systems, Inc. or non-party EXFO Photonic Solutions, Inc. (now known as Lumen Dynamics, a part of Excelitas Technologies, Inc.)[8]

EXFO America, Inc. does not manufacture products or component parts.[9] It was the United States distributor for EXFO Photonic Solutions, Inc. until October 2010.[10] EXFO Photonic Solutions, Inc. manufactured radiometers and was, until October 2010, a wholly-owned subsidiary, along with EXFO America, Inc., of EXFO, Inc.[11]

2.  A Single Transaction Of One Radiometer.

EXFO Photonic Solutions, Inc. manufactured a radiometer which was sold to co-Defendant OxySure Systems, Inc. through Defendant EXFO America, Inc. on August 20, 2008.[12] The product that is the subject of the cause of action filed by Jolandi Nocole Kennedy and Marvin Levy against EXFO America, Inc. is co-Defendant OxySure Systems, Inc.'s Model 615 Portable Emergency

---

[6] *Id.* at pg. 3.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

Oxygen System, not a non-party's radiometer.[13]

A radiometer is a calibration tool used to measure the level of irradiance emitted by an ultraviolet light curing system usually used in production lines that incorporate an ultraviolet light source for curing, or fast-drying.[14] Irradiance, or electromagnetic radiation, is the radiant flux received by a surface per unit area. Radiometry measures the level of irradiance.[15]

UV curing is a speed curing process in which high intensity ultraviolet light is used to create a photochemical reaction that instantly cures inks, adhesives and coatings. UV curing provides efficient, high-quality drying of inks, adhesives and coatings, and is adaptable to printing, decorating, and stereolithography. Radiometry, provided via radiometer, ensures that the UV curing equipment is performing accurately and consistently.[16]

Attached as evidence in support of Defendant's Motion For Summary Judgment is the invoice for the sale of a single radiometer from EXFO America, Inc. to OxySure Systems dated August 20, 2008.[17] This invoice represents the only transaction of any kind between EXFO America, Inc. and Oxysure Systems, Inc.[18] EXFO America, Inc. did not sell to OxySure Systems, Inc. any of its UV curing *tools*.[19] It sold only a portable apparatus that measures whether the curing tool is performing within specifications.[20] Although Defendant does not know in what capacity OxySure

---

[13] *Id.*;Appendix pgs. 6-21.

[14] Appendix pg. 3.

[15] *Id.*

[16] *Id.*

[17] Appendix pg.1.

[18] Appendix pg. 4.

[19] *Id.*

[20] *Id.*

Systems, Inc. used this one radiometer, Defendant knows it was not an important component part of the portable emergency oxygen delivery device used in Miss Levy's resuscitation.[21]

    3.    <u>EXFO America, Inc. Has No Role Or Responsibility In This Case.</u>

EXFO America, Inc.'s Corporate Secretary Benoit Ringuette Affidavit proves:

    a.    EXFO America, Inc. had no role or responsibility in the design of OxySure Systems, Inc.'s Model 615 portable oxygen chemical reactor system and cartridge.

    b.    EXFO America, Inc. had no role or responsibility in the manufacturing of OxySure Systems, Inc.'s Model 615 portable oxygen chemical reactor system and cartridge.

    c.    EXFO America, Inc. had no role or responsibility in the inspection of OxySure Systems, Inc.'s Model 615 portable oxygen chemical reactor system and cartridge.

    d.    EXFO America, Inc. had no role or responsibility in the marketing of OxySure Systems, Inc.'s Model 615 portable oxygen chemical reactor system and cartridge.

    e.    EXFO America, Inc. had no role or responsibility in the maintenance of OxySure Systems, Inc.'s Model 615 portable oxygen chemical reactor system and cartridge.

    f.    EXFO America, Inc. had no role or responsibility in placing into the stream of commerce OxySure Systems, Inc.'s Model 615 portable oxygen chemical reactor system and cartridge.[22]

EXFO America, Inc. was solely a U.S. distributor – not a manufacturer – of a radiometer which is not a component part of the portable oxygen machine. As such, EXFO America, Inc. had no substantive involvement in the product used is Miss Levy's resuscitation which allegedly malfunctioned, and Plaintiffs have no tenable basis for a cause of action against it.

---

[21] *Id.*

[22] *Id.*

# III.
# ARGUMENT

## A. Summary Judgment Standard.

Summary judgment is proper is a case in which there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a); *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). A defendant who seeks summary judgment on a plaintiff's claim must demonstrate the absence of a genuine dispute of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of the plaintiff's claim or (2) showing there is no evidence to support an essential element of the plaintiff's claim. *J. Geils Band Emp. Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *Celotex Corp.*, 477 U.S. at 322-23. The court shall render summary judgment if there's no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (a).

## B. Product Liability Law.

In Texas, a plaintiff can predicate a product liability action on one or more of three theories of recovery: (1) strict liability under § 402A of the Restatement (Second) of Torts, (2) breach of warranty under the U.C.C., and (3) negligence. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 423 (Tex. 1984). A plaintiff must prove that: 1) the product in question was defective; 2) the defect existed at the time the product left the hands of the defendant; 3) that because of the defect the product was unreasonably dangerous to the user; 4) that the consumer was injured or suffered damages; 5) and that the defect (if proved) was the proximate cause of the injuries suffered. *Reyes v. Wyeth Laboratories*, 498 F.2d 1264, 1272 (5th Cir. Tex. 1974).

In their products liability case, Plaintiffs must prove the following essential elements to support such a claim against this Defendant:

1. Defendant designed the product in question;

2. Defendant manufactured the product in question;

3. Defendant sold the product in question;

4. Defendant inspected the product in question;

5. Defendant marketed the product in question;

6. Defendant maintained the product in question; or

7. Defendant placed the product in question into the stream of commerce.[23]

Because there is no genuine dispute of material fact as to whether EXFO America, Inc. had any role or responsibility in the design, manufacture, inspection, marketing, maintaining or placing into the stream of commerce the product in question, Defendant seeks final summary judgment on all disputes under all theories of recovery. FED. R. CIV. P. 56 (a).

## IV.
## SUMMARY JUDGMENT EVIDENCE

In support of Defendant's Motion, Defendant includes evidence in the attached Appendix, which is incorporated by reference into this Motion. Defendant's Motion For Summary Judgment is based on the following evidence:

A. August 20, 2008 Invoice between EXFO America, Inc. And OxySure Systems, Inc.

B. Affidavit of Benoit Ringuette.

---

[23] See generally *Hernandez v. Tokai Corp.*, 2 S.W.3d 251, 256 n.8 (Tex. 1999); *Armstrong Rubber Co., v. Urquidez*, 570 S.W.2d 374 (Tex. 1978); *Otis Elevator Co., v. Bedre*, 758 S.W.2d 953, 956 (Tex. App. – Beaumont 1988), rev'd on other grounds, 776 S.W.2d 152 (Tex. 1989); *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 432 (Tex. 1984); *Bristol-Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex. 1978); *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex. 1967); Restatement (Second) of Torts §402A (1965);TEX. CIV. PRAC. & REM. CODE Ch. 82.

  C.  Plaintiffs' Original Petition.

  D.  January 13, 2014 Collin County Medical Examiner's Unpending Report of Death.

  E.  Meacghan Levy's Medical Abstract of Death Certificate.

  F.  February 8, 2016 Letter from Defense counsel to Plaintiffs' counsel.

  G.  Affidavit of Valerie A. Mosman.

## V.
## ATTORNEY'S FEES & COSTS

Defendant EXFO America, Inc. is entitled to attorney's fees and costs of defense for having to prepare and file this Motion For Summary Judgment. Defendant sought dismissal of Plaintiffs' claims via correspondence dated February 8, 2016 in which Defendant outlined the reasons Plaintiffs' product liability claims against it were without factual support and requested Plaintiffs non-suit Defendant.[24] Because Plaintiffs failed to respond, the Motion For Summary Judgment is necessary and Defendant seeks an award of fees and costs as a sanction.

Defendant asks the Court to take judicial notice of the usual and customary attorney's fees in this district. The Affidavit of Defendant's attorney Valerie A. Mosman describes the attorney's fees and costs to date and affirms them as being usual and customary.

## VI.
## CONCLUSION & PRAYER

Because there is no genuine dispute that Defendant EXFO America, Inc. had no role or responsibility in the design, manufacture, inspection, marketing, maintenance or placing into the stream of commerce Co-Defendant OxySure System, Inc.'s Portable Emergency Oxygen System, Model 615 and because there is no genuine dispute that Defendant EXFO America, Inc. did not manufacture any component parts of the subject resuscitation device, summary judgment is proper.

---

[24] Appendix pgs. 24-26.

WHEREFORE, Defendant EXFO America, Inc. respectfully requests this Motion For Summary Judgment be granted, that Plaintiff's claims as to this Defendant be dismissed with prejudice, and that it be granted such other and further relief, both at law and in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Valerie A. Mosman*
**RUSSELL W. SCHELL**
Texas State Bar No.17736800
Email: rschell@schellcooley.com
**VALERIE A. MOSMAN**
State Bar No.00796127
Email: vmosman@schellcooley.com

**SCHELL COOLEY LLP**
15455 Dallas Parkway, Suite 550
Addison, Texas 75001
(214) 665-2000
Fax: (214) 754-0060

**ATTORNEYS FOR DEFENDANT EXFO AMERICA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on counsel for Plaintiffs in accordance with the Texas Rules of Civil Procedure, on the **13th** day of **APRIL, 2016**.

                                              */s/ Valerie A. Mosman*
                                              **VALERIE A. MOSMAN**

**Via Efile:**
Ted B. Lyon Jr.
Josh Birmingham
John Hallman
Town East Tower
18601 LBJ Freeway, Suite 525
Mesquite, Texas 75150


**Via Efile:**
Symone J. Redwine
The Redwine Law Firm, PLLC
325 N. St. Paul Street, Suite 2750
Dallas, Texas 75201